IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNOCO PIPELINE LP, *Plaintiff*, v. DANIEL LA HART, *et al.*, *Defendants*. | Case No. 2:25-cv-03694 |

**RESIDENTS' REPLY IN SUPPORT OF
MOTION TO DISMISS AND FOR SANCTIONS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ...................................................................................................................... 1

    A.    The Court has Jurisdiction to Consider the Motion to Dismiss. ............................. 1

    B.    The Court Should Dismiss SPLP's Complaint. ....................................................... 2

        1.    The Court Correctly Ruled on SPLP's TRO Motion. ................................. 2

        2.    Additional Reasons Exist to Dismiss SPLP's Complaint. ........................... 3

    C.    The Court Should Sanction SPLP and/or its Counsel. ............................................ 4

III.    CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                         **Page(s)**

*Cal. Gas v. Cnty. of Los Angeles*,
No. 17-cv-5140, 2017 WL 8793753 (C.D. Cal. Dec. 4, 2017) .................................................. 3

*CASA, Inc. v. Trump*,
2025 WL 1952521 (D. Md. July 16, 2025) ............................................................................... 2

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ..................................................................................................................... 4

*City of New York v. Exxon Mobil Corp.*,
733 F. Supp. 3d 296 (S.D.N.Y. 2024) ....................................................................................... 5

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ............................................................................................................. 1, 2

*Couser v. Shelby County, Iowa*,
139 F.4th 664 (8th Cir. 2025) .................................................................................................... 3

*Cox v. United States Parcel Service, Inc.*,
753 Fed. App'x 103 (3d Cir. 2018) ............................................................................................ 2

*Hallstrom v. Tillamook County*,
493 U.S. 20 (1989) ..................................................................................................................... 3

*In re Prosser*,
777 F.3d 154 (3d Cir. 2015) .................................................................................................. 4, 5

*Lightspeed Media Corp. v. Smith*,
761 F.3d 699 (7th Cir. 2014) ..................................................................................................... 5

*Mary Ann Pensiero, Inc. v. Lingle*,
847 F.2d 90 (3d Cir. 1988) ........................................................................................................ 2

*Mitchum v. Foster*,
407 U.S. 225 (1972) ................................................................................................................... 3

*Penn. Servs. Corp. v. Texas Eastern Transmission, LP*,
No. 11-cv-1076, 2011 WL 13234909 (W.D. Pa. Oct. 12, 2011) .............................................. 4

*Pueblo of Pojoaque v. State*,
233 F. Supp. 3d 1021 (D.N.M. 2017) ....................................................................................... 1

*Robinson v. Lehman*,
771 F.2d 772 (3d Cir. 1985) ...................................................................................................... 1

*SFPP, L.P. v. Union Pacific Railroad Co.*,
 No. SACV 05-1015-JVS, 2006 WL 8448728 (C.D. Cal. Aug. 30, 2006) .................................. 3

*United States Parcel Service, Inc. v. United States Postal Service*,
 475 F. Supp. 1158 (E.D. Pa. 1979) ........................................................................................ 1

*Williams Pipe Line Co. v. City of Mounds View*,
 651 F. Supp. 551 (D. Minn. 1987) ......................................................................................... 3

*Wooten v. Roach*,
 431 F. Supp. 3d 875 (E.D. Tex. 2019) ................................................................................... 2

**Statutes**

28 U.S.C. § 1927 ............................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 11(c)(2) .................................................................................................................. 5

I.      **INTRODUCTION**

The Court has jurisdiction to (1) dismiss this vexatious lawsuit brought *against the victims* of SPLP's pipeline leak and resulting pollution, and (2) sanction SPLP for continuing to litigate it. Residents respectfully ask that the Court do so.

II.     **ARGUMENT**

    A.      **The Court has Jurisdiction to Consider the Motion to Dismiss.**

SPLP's argument that its appeal of the Court's Order (ECF 17) denying SPLP's Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion") deprives this Court of jurisdiction to consider the Motion to Dismiss, fails for at least three reasons.

*First*, SPLP is incorrect that an appeal from an order denying injunctive relief deprives the district court of jurisdiction to rule on the merits of the case. This issue came before the Court in *United States Parcel Service, Inc. v. United States Postal Service*, 475 F. Supp. 1158 (E.D. Pa. 1979) (Becker, J.). Judge Becker, reviewing caselaw, determined the appropriate rule in this district is that during the pendency of an appeal on an order denying a motion for temporary injunctive relief, "we have jurisdiction to proceed to a final adjudication of the merits of the case, even if the effect of such adjudication is to moot the pending appeal." *Id*. at 1161; *see also Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1089 (D.N.M. 2017) (same).[1]

---

[1] SPLP's reliance on *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), and *Robinson v. Lehman*, 771 F.2d 772 (3d Cir. 1985), is misplaced. *Robinson* concerns only the *appellate court's* jurisdiction, and not divestiture from the district court. 771 F.2d at 782. *Coinbase* addresses whether a stay issues automatically during a statutory appeal under the Federal Arbitration Act. To the extent that *Coinbase* comments on divestiture in general, it mirrors SPLP's other cited authority—divestiture applies only to "those aspects of the case involved in the appeal." 599 U.S. at 740. Here, the Court has not entered judgment, SPLP has only appealed its denial of the TRO Motion, and SPLP has not sought a stay of proceedings. Though the issues may overlap, the Court retains jurisdiction to consider the merits of the case, including those issues that are not presently on appeal, and to enter judgment, which it has not yet done. There is no final judgment currently on appeal.

*Second*, the Court has not entered judgment in this matter despite making the preliminary finding that it lacks subject matter jurisdiction. Entering final judgment and confirming that this Court lacks subject matter jurisdiction, and that the Complaint is barred by the Anti-Injunction Act ("AIA"), would resolve any ambiguity as to that fact and thereby promote judicial efficiency. *See CASA, Inc. v. Trump*, 2025 WL 1952521, at *5 (D. Md. July 16, 2025) ("Lower court action aids an appeal when it clarifies the scope of the order on appeal or renders moot an issue raised before the appellate court."). Further, there is no question that the Court may rule on the arguments for dismissal that it did not consider in the Order currently on appeal. *See Wooten v. Roach*, 431 F. Supp. 3d 875, 887–89 (E.D. Tex. 2019).

*Third*, SPLP's divestiture argument is limited to the Motion to Dismiss, and SPLP does not dispute that the Court can consider Residents' related arguments in support of sanctions. *See* ECF No. 21 at 7; *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97–98 (3d Cir. 1988) (fee petitions and sanctions motions predicated on appealed orders are collateral to an appeal on the merits, and district courts retain jurisdiction to consider such motions during the pendency of the appeal); *Coinbase*, 599 U.S. at 741 n.2. Residents have moved for dismissal *with prejudice*, and the Third Circuit holds that whether the complaint makes out a prima facie case is one factor to consider in evaluating whether it should be dismissed with prejudice as a sanction for vexatious conduct. *See Cox v. United States Parcel Service, Inc.*, 753 Fed. App'x 103, 106–07 (3d Cir. 2018).

B.  **The Court Should Dismiss SPLP's Complaint.**

  1.  **The Court Correctly Ruled on SPLP's TRO Motion.**

The Court can and should decide the Motion to Dismiss with the same careful reasoning it relied on in denying SPLP's TRO Motion. *See* ECF 17. SPLP's argument as to subject matter jurisdiction is nonsensical—it asserts that it does not raise a preemption defense to any state law claim, but SPLP's sole cause of action is an alleged PSA violation predicated on the PSA's

2

preemption of Residents' state law claims. *See* ECF 1. Residents respectfully ask that the Court dismiss the matter on jurisdictional grounds for all the reasons stated. *See id.*; ECF 20-1 at 13–14.

Additionally, SPLP's reliance on *Mitchum v. Foster*, 407 U.S. 225 (1972), a Section 1983 case, to support its AIA argument is misplaced. As *So. Cal. Gas* explained, unlike Section 1983, the PSA contains no express exemption to the AIA; indeed, much the opposite, "the legislative history of the PSA and its precursor statutes encourage federal-state cooperation." *So. Cal. Gas v. Cnty. of Los Angeles*, No. 17-cv-5140, 2017 WL 8793753, at *5 (C.D. Cal. Dec. 4, 2017) (collecting cases). The Court properly found that none of the AIA exceptions apply here. ECF 17.

### 2. Additional Reasons Exist to Dismiss SPLP's Complaint.

The Court should also dismiss the Complaint on additional grounds not considered in its prior Order. First, SPLP violated the PSA's procedures. *Williams* and *SFPP* offer SPLP no excuse; in both cases, the courts found that PHMSA had actual notice of the alleged violations sixty days before the operative complaint was filed. *See Williams Pipe Line Co. v. City of Mounds View*, 651 F. Supp. 551, 564 (D. Minn. 1987); *SFPP, L.P. v. Union Pacific Railroad Co.*, No. 05-1015-JVS, 2006 WL 8448728, at *4 (C.D. Cal. Aug. 30, 2006). Moreover, *Williams* (on which *SFPP* exclusively relies) was overruled by *Hallstrom v. Tillamook County*, 493 U.S. 20 (1989). SPLP's attempts to distinguish *Hallstrom* are rejected by *Hallstrom* itself, which noted that its holding likely applies to the PSA and that "whether the notice provision is jurisdictional or procedural . . . if an action is barred by the terms of a statute, it must be dismissed." *Id*. at 23 n.1 & 31.

Further, SPLP fails to state a claim under the PSA. SPLP disingenuously avoids the recognized distinction between "safety *standards*," which the PSA regulates, and "safety *considerations*," which it does not. *Couser v. Shelby County, Iowa*, 139 F.4th 664, 671 (8th Cir. 2025) (emphasis in the original). Residents' state lawsuits concern the response to a leak from a specific pipeline in a specific location, and SPLP has yet to provide the Court with a single case

interpreting such a lawsuit as an effort to impose generally applicable safety *standards* within the statute's definition. While all of SPLP's attempts to distinguish Residents' caselaw fall flat, *Penn. Servs. Corp. v. Texas Eastern Transmission, LP*, No. 11-cv-1076, 2011 WL 13234909 (W.D. Pa. Oct. 12, 2011), is most directly on point to the present motion. The *Penn. Servs.* plaintiffs sought state court remedies including equitable relief against a pipeline that ran above their mine and was "lacking in appropriate subsidence mitigation measures"—*i.e.*, the plaintiffs were concerned with the safety of the pipeline's operation and its impact on the surrounding environment. *Id*. at *1. The district court found that there was no conflict between the PSA and pursuit of the state law remedies sought in state court, and accordingly that remand was appropriate. *Id*.

Finally, SPLP does not deny or address that it seeks to enjoin Residents' ability to pursue *other* potential injunctive relief that has *nothing* to do with pipeline operations and is unquestionably beyond the PSA's reach, including Residents' efforts to seek improved environmental testing and sampling procedures and to ensure access to safe air and drinking water. On this ground, too, dismissal is appropriate.

### C. The Court Should Sanction SPLP and/or its Counsel.

Residents do not take the issue of sanctions lightly. Here, Residents' motion for sanctions should be granted because this case was outrageously brought in the first place against certain victims of SPLP's pollution and rests entirely on frivolous legal positions. Sanctions are warranted against SPLP's counsel for unreasonably multiplying the underlying proceedings, *see In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015) (citing 28 U.S.C. § 1927), and against SPLP under the Court's inherent authority for "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)).[2]

---

[2] Residents' initial letter to SPLP's counsel was sent as a courtesy, in a good faith effort to resolve this matter without motion practice. By its own explicit terms, it was not and did not attach a Rule

4

SPLP's effort to enjoin ongoing state court proceedings is "unsupported by law or logic and would improperly effect a sweeping change to the balance between the jurisdiction of state and federal courts." *City of New York v. Exxon Mobil Corp.*, 733 F. Supp. 3d 296, 309 (S.D.N.Y. 2024), *aff'd,* No. 24-1568-CV, 2025 WL 2809778 (2d Cir. Oct. 3, 2025) (internal citations omitted) (finding several arguments advanced by petroleum companies regarding balance of federal and state power were "absurd"); *id.* at 315 (noting arguments raised by petroleum company defendants and their trade group "have been universally rejected by courts around the country").

Here too, as Residents established in the Motion, SPLP's arguments "were meritless" and SPLP's counsel "should have known this," and the timing of this case strongly indicates that it was "for an improper purpose such as harassment." ECF 20-1 at 18 (quoting *In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015)). Each of these facts are "[i]ndications of bad faith". *Id.* SPLP's strategy of filing a frivolous motion for a temporary restraining order seeking to enjoin state court proceedings in violation of the AIA, and timing its filing on the Friday before those proceedings were set to ripen for decision by the state court the following Monday (despite knowing of Residents' injunction request for many weeks or months), "smacked of bully pretense." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 709 (7th Cir. 2014). Sanctions are therefore appropriate.

Even in its opposition to the Motion, SPLP continues to raise unsupported legal arguments and to misrepresent the goals of its litigation. Indeed, SPLP spends a significant portion of its briefing claiming that the heart of its case "is whether a 'state authority,' *i.e.*, a state court or any other organ of state power, is prohibited by the PSA from imposing and enforcing safety standards

---

11 motion, and Residents have yet to initiate Rule 11's safe harbor by serving such a motion on SPLP, although Residents reserve the right to do so. *See* ECF 21-2; Fed. R. Civ. P. 11(c)(2).

5

for an interstate pipeline[.]" ECF 21 at 11. But SPLP never sued the state court or any other organ of state power. SPLP sued Residents, the victims here.[3]

Moreover, even by its own terms, Section 60121 "does not restrict a right to relief that a person or a class of persons may have under another law or at common law" and it provides that any remedy "under this section is *in addition to* any other remedies provided by law." § 60121(d) (emphasis added). Simply put, Section 60121 of the PSA is a *citizen-suit* provision that *Residents* could have availed themselves of to bring a claim *against SPLP*, if they wished. Nothing in the PSA, however, authorizes SPLP's suit against Residents.

With respect to the timing of SPLP's case and TRO motion, which harassed Residents and multiplied these proceedings, SPLP's response is telling. SPLP claims that it simply *had* to file this case on the Friday evening before the state-court injunction proceedings were set to ripen for decision by the state court the following Monday, for two reasons. First, SPLP claims, Residents "failed to withdraw their improper requests in state court for an injunction shutting down the Pipeline." ECF 21 at 18. But SPLP only wrote to PHMSA and Residents claiming that this request was "improper" earlier on July 18, 2025, *the same day SPLP filed this case*. This does not defeat an inference of bad faith—it *supports* such an inference. Second, SPLP claims it had to act as it did here because "the state court advanced the Residents' motion for preliminary injunction by directing SPLP to respond on an expedited basis by July 21, 2025." *Id.* Again, this works *against*

---

[3] SPLP intimates, in one sentence, that the reason it sued Residents personally is that SPLP believes Residents' efforts to obtain a preliminary injunction are "not merely *preempted*" but instead "affirmatively *violates the PSA's express prohibition* against intrastate pipeline safety regulation by state authorities." ECF 21 at 12. But SPLP does not identify the "express prohibition" it is referring to; Residents are not "state authorities"; and SPLP does not explain the difference between preemption and any such "express prohibition" here. In effect, SPLP admits it would not have had any non-frivolous basis to sue Residents merely based on a preemption defense, but this is exactly what SPLP did.

6

*SPLP*: the La Harts' motion was brought in state court on July 9, 2025, and the state court issued the referenced briefing schedule on July 11, 2025. SPLP was also on notice of the La Harts' request for injunctive relief when Residents filed their original complaint on March 27, 2025, and SPLP was on notice that the La Harts would be seeking such relief in a state court, rather than a federal one, as soon as their class action case was remanded by this Court on June 13, 2025. Moreover, each of the other Residents other than the La Harts have only ever sought the subject injunctive relief in a state court, and SPLP named them as defendants here. SPLP was on notice of this requested relief since each of those Residents filed their complaints, starting in early April.

Finally, in their Motion, Residents correctly noted that SPLP chose *not* to sue the only plaintiffs prosecuting a Twin Oaks Pipeline case that are not represented by Residents' counsel. ECF 20-1 at 13 (citing *Kuzniacki v. Sunoco Pipeline L.P.*, No. 260600768 (Phila. C.C.P.)). SPLP responds that the *Kuzniacki* plaintiffs had not yet "perfected service on all defendants" and are currently seeking leave to file an amended complaint. ECF 21 at 20. This is a distinction without a difference. The proposed amended complaint in *Kuzniacki* does *not* withdraw the request for shutdown of the Pipeline and other *identical* relief to that sought by Residents. *See* Exhibit A at 97 (PDF numbering). Moreover, the *Kuzniacki* plaintiffs brought a motion to amend only after engaging in "communications with defense counsel," *id.* at 2, undercutting any significance to the fact that they have not yet "perfected service." SPLP's counsel have also now entered their appearances without the *Kuzniacki* plaintiffs ever filing any affidavit or proof of service. *See* Exhibit B (*Kuzniacki* docket). SPLP's decision not to name the *Kuzniacki* plaintiffs here strongly supports an inference of bad faith and the imposition of sanctions.

### III.   CONCLUSION

For these reasons, the Court should dismiss the Complaint with prejudice and assess Residents' costs and attorneys' fees incurred in defending this case against SPLP and its counsel.

Dated: October 7, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Shanon J. Carson*
　　　　　　　　　　　　　　　　　　　　Shanon J. Carson (Bar No. 85957)
　　　　　　　　　　　　　　　　　　　　Y. Michael Twersky (Bar No. 312411)
　　　　　　　　　　　　　　　　　　　　Joseph E. Samuel, Jr. (Bar No. 327645)
　　　　　　　　　　　　　　　　　　　　**BERGER MONTAGUE PC**
　　　　　　　　　　　　　　　　　　　　1818 Market Street, Suite 3600
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　Telephone: (215) 875-4656
　　　　　　　　　　　　　　　　　　　　scarson@bergermontague.com
　　　　　　　　　　　　　　　　　　　　mitwersky@bergermontague.com
　　　　　　　　　　　　　　　　　　　　jsamuel@bergermontague.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing to be filed with the Court's ECF system, which then served all counsel of record.

Dated: October 7, 2025                                          */s/ Shanon J. Carson*
                                                                                Shanon J. Carson