**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUNOCO PIPELINE L.P., et al.,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **DANIEL LA HART, et al.** | : | **5:25-cv-3694-MRP** |

# ORDER

**AND NOW**, this 24th day of April, 2026, upon consideration of Defendants' Motion to Dismiss and for Sanctions (ECF No. 20), Plaintiff's opposition thereto (ECF No. 21), Defendants' reply (ECF No. 22), and in light of the pending appeal in *Sunoco Pipeline L.P. v. La Hart, et al.*, No. 25-2551 (3d Cir.), it is hereby ORDERED as follows:

1. Defendants' Motion to Dismiss (ECF No. 20) is **DEFERRED** pursuant to Federal Rule of Civil Procedure 62.1 pending resolution of the appeal in **No. 25-2551**.[1]

2. Defendants' Motion for Sanctions (ECF No. 20) is **DENIED WITHOUT PREJUDICE** to renewal, if appropriate, following disposition of the appeal.[2]

---

[1] Defendants' combined motion seeks dismissal of Sunoco's complaint and the imposition of sanctions. The motion to dismiss substantially overlaps with the issues now pending before the Third Circuit in No. 25-2551, where Sunoco appeals this Court's denial of its request for temporary and preliminary injunctive relief. In that appeal, the Court of Appeals is considering the same core questions that would govern dismissal here—namely, whether this Court had subject matter jurisdiction over Sunoco's Pipeline Safety Act claim and whether the Anti-Injunction Act bars the relief Sunoco seeks. Under these circumstances, the more prudent course is not to re-enter the same merits dispute while the appeal is pending, but instead to defer the dismissal motion pursuant to Federal Rule of Civil Procedure 62.1. That approach avoids duplicative adjudication and preserves the Court's ability to act after the Court of Appeals has provided guidance. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985).

[2] Sanctions are treated as collateral to the merits and therefore are not ordinarily swept up in the appeal in the same way as the dismissal issues. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988). Nevertheless, the Court declines to impose sanctions at this stage. Although the Court previously rejected Sunoco's request for emergency relief, the appellate briefing confirms that the statutory issues raised by Sunoco are substantial enough that a sanctions ruling now would be premature. Whether Sunoco's position was merely unsuccessful or instead sanctionably frivolous will be better assessed once the appeal is resolved. The sanctions request will therefore be denied without prejudice to renewal, if appropriate, following disposition of the appeal.

3. Within seven (7) days after issuance of the mandate in No. 25-2551, the parties shall file a joint status report advising the Court of the disposition of the appeal and proposing any further proceedings.

BY THE COURT:

HON. MIA R. PEREZ